UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

**SHAWN WOODWARD,**

**Plaintiff,**

**-v-**  　　　　　　　　**9:16-CV-1174 (NAM/DEP)**

**LYTLE, DAWLEY, D.C. DOCTEUR, S. ANDERSON,
P. GAFFNEY, N. JONES, F. KENYON,**

**Defendants.**

◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇◇

APPEARANCES:

Shawn Woodward
00-A-6563
Livingston Correctional Facility
P.O. Box 91
Sonyea, New York 14556
Plaintiff, *pro se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Helena Lynch, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

On initial review (Dkt. No. 4) under 28 U.S.C. §§ 1915(e) and 1915A, this Court granted

plaintiff's IFP application, dismissed plaintiff's Fourteenth Amendment due process claim, and

allowed the remaining causes of action against all named defendants to go forward. Defendants

now move (Dkt. No. 22) to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), Chief United

States Magistrate Judge David E. Peebles has issued a Report and Recommendation (Dkt. No. 30)

recommending that defendants' dismissal motion be denied, except with respect to the following claims, as to which Magistrate Judge Peebles recommends dismissal with leave to replead: (1) plaintiff's retaliation claim against defendant Lytle concerning (a) the issuance of a false misbehavior report, and (b) a dormitory transfer; and (2) plaintiff's retaliation claim asserted against defendant Gaffney concerning the issuance of a false misbehavior report.

Defendants object (Dkt. No. 32) to the Report and Recommendation insofar as it recommends that the following claims survive the dismissal motion: the retaliation claims against Lytle and Gaffney regarding the removal of plaintiff from his library job; the retaliation claim against Gaffney regarding the transfer of plaintiff to a different dormitory; and the retaliation claim against Jones.

Plaintiff objects (Dkt. No. 35) to the recommended dismissal without prejudice of plaintiff's retaliation claim against Lytle regarding the move to another dormitory. Plaintiff also opposes defendants' objections to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), a district court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. When a party does not make specific objections, the district court reviews for clear error. *See Pittman v. Low*, 2017 WL 2189576, at *2 (N.D.N.Y. May 18, 2017).

The Court adopts Magistrate Judge Peebles' summary of the complaint and the applicable law and does not repeat them here. Regarding plaintiff's objection to the recommendation to dismiss without prejudice plaintiff's retaliation claim against Lytle based on the dormitory transfer, on *de novo* review the Court agrees with Magistrate Judge Peebles that the complaint does not plausibly plead such a claim. The complaint states that Lytle said to plaintiff in late

-2-

April or early May that plaintiff "could not be in his dorm (D-2) and think he could be writing stuff on staff and no one would say anything and that job in the Law Lib wouldn't last long either." A month or so later, on June 2, 2015, when plaintiff returned to the dorm after being called to testify at inmate Colon's disciplinary hearing, Lytle said to plaintiff that plaintiff had "just got warned about this" and "now plaintiff is a witness for Colon," and further told plaintiff not to go back to the law library to work. There is no basis to infer that Lytle's statement that plaintiff "just got warned about this" was connected with plaintiff's continued residence in dormitory D-2; rather, particularly when read in context, it appears to be connected with plaintiff's work in the law library and his involvement in other inmates' cases, as does Lytle's previous statement in late April or early May. This reading of Lytle's statements is further supported by plaintiff's allegation that on the following day, June 3, 2015, Gaffney told plaintiff that he (Gaffney) and Lytle had spoken and agreed that "plaintiff could not work in the Law Lib and be writing stuff up on staff and testifying at hearings against staff." Gaffney's alleged statement in the same conversation that "the dorm move was because Plaintiff pissed off too many staff" is not connected with Lytle. On June 11, 2015, plaintiff was transferred to a different dormitory. Contrary to plaintiff's assertion in his objection, no reasonable factfinder could conclude that when they spoke on June 2 or 3, 2015, Lytle and Gaffney "agreed to have Plaintiff moved to another housing dorm." Reading the complaint most liberally, accepting all facts alleged in the complaint as true, and drawing all inferences in plaintiff's favor, the Court finds that the factual allegations in the complaint do not "nudge [the claim that Lytle was involved in the dormitory transfer] across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007).

The Court turns to consider defendants' objections. Defendants first argue that the Court should dismiss plaintiff's retaliation claim against Lytle and Gaffney regarding the removal of plaintiff from his law library job, on the ground that plaintiff fails adequately to plead their personal involvement. On *de novo* review, the Court finds that plaintiff's allegations, particularly in paragraphs 7, 12, 14, 15, 16, 17, 19, and 42-a, read in the context of the entire complaint and construed most liberally, are sufficient to plead a plausible claim that Lytle and Gaffney played a significant part in the allegedly retaliatory decision to remove plaintiff from his law library position. The documents on which defendants rely do not conclusively demonstrate otherwise.

The Court also accepts Magistrate Judge Peebles' recommendation to deny dismissal of the retaliation claim against Gaffney based on plaintiff's transfer to a different dormitory. On *de novo* review, the Court agrees with Magistrate Judge Peebles that the complaint adequately pleads Gaffney's personal involvement in the transfer decision.

Further, on *de novo* review, the Court agrees with Magistrate Judge Peebles that the complaint adequately pleads that Jones, a corrections lieutenant who presided as hearing officer at plaintiff's disciplinary hearing, retaliated against plaintiff by denying his right to present a defense. As Magistrate Judge Peebles points out, plaintiff alleges that, at the hearing, Jones told him to stop "writing up staff and being a witness at other inmates' hearing[s]" and denied his request to call witnesses and present evidence.

Finally, as to all other matters, the Court has reviewed the entire record and finds no error in the Report and Recommendation. The Court accepts it in its entirety.

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 30) by Chief United States

-4-

Magistrate Judge David E. Peebles is accepted; and it is further

ORDERED that defendants' motion (Dkt. No. 22) to dismiss the complaint is denied, and the case will go forward on the First Amendment retaliation claims against defendants Lytle, Dawley, Docteur, Anderson,[1] Gaffney, Jones, and Kenyon, and the Eighth Amendment excessive force claim against defendant Dawley, except that the following claims are dismissed with leave to replead: (1) the retaliation claim against defendant Lytle concerning (a) the issuance of a false misbehavior report, and (b) a dormitory transfer; and (2) the retaliation claim against defendant Gaffney concerning the issuance of a false misbehavior report; and it is further

ORDERED that the Clerk of the Court is directed to serve this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York

IT IS SO ORDERED.

Date:   September 22, 2017
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[1]As Magistrate Judge Peebles points out, the only plausible retaliation claim pleaded against Anderson stems from the June 2, 2015 misbehavior report.