# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────────────

**SHAWN WOODWARD,**

                        **Plaintiff,**

        v.                                      9:16-CV-1174 (NAM/DEP)

**LYTLE, Correctional Officer, Cape Vincent Correctional Facility,** *et al.***,**

                        **Defendants.**

───────────────────────────────────────────────────

**Appearances:**

SHAWN WOODWARD, Plaintiff *Pro Se*
00-A-6563
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

*Attorneys for Defendants*:
Hon. Barbara D. Underwood,
Attorney General of the State of New York
Helena Lynch, Esq.,
Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Norman A. Mordue, Senior U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff *pro se* Shawn Woodward, a New York State prison inmate, brings this 42 U.S.C. § 1983 action against seven individual Defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging civil rights claims

1

related to his confinement at Cape Vincent Correctional Facility ("Cape Vincent"). (Dkt. No. 1). Plaintiff's remaining claims are for First Amendment retaliation against all seven Defendants and Eighth Amendment excessive force against Defendant Dawley. (Dkt. Nos. 30, 36). On February 9, 2018, Defendants filed for summary judgment, on the basis that Plaintiff's claims were barred based on his failure to exhaust the available administrative remedies prior to filing this action. (Dkt. No. 41). The matter was referred to United States Magistrate Judge David E. Peebles, who, on August 13, 2018, issued a Report & Recommendation, recommending that Defendants' motion for summary judgment be granted and that the case be dismissed because Plaintiff failed to exhaust his available administrative remedies. (Dkt. No. 57). Plaintiff then filed timely objections, and the Court ultimately rejected the Report & Recommendation, finding that an issue of fact as to the availability of the grievance process precluded summary judgment. (Dkt. No. 61). Four of the Defendants, Scott Lytle, Steve Anderson, Fred Kenyon, and Dennis Docteur, now move for reconsideration of the Court's decision, on the basis that Plaintiff did not attempt to grieve any alleged conduct by them. (Dkt. No. 63). Plaintiff opposes the motion. (Dkt. No. 65). Defendants' motion is denied, for the reasons that follow.

**II.     STANDARD OF REVIEW**

Defendants have moved pursuant to Rule 54(b) of the Federal Rules of Civil Procedure which provides that a district court's non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "Rule 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a case." *Vornado Realty Trust v. Marubeni Sustainable Energy, Inc.*, 987 F.Supp. 2d 267, 275 (E.D.N.Y. 2013). Generally speaking,

2

however, a party seeking reconsideration "must show an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice[.]" *Long v. U.S. Dep't of Justice*, 778 F.Supp. 2d 222, 228–29 (N.D.N.Y. 2011). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). When adjudicating a motion for reconsideration, a court need not consider arguments that were raised for the first time in the pending motion. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015).

### III. DISCUSSION

Defendants contend that reconsideration is warranted with respect to the exhaustion issue "because the undisputed facts show that Plaintiff never attempted to file a grievance regarding any conduct by Defendants Lytle, Anderson, Kenyon, or Docteur." (Dkt. No. 63-1, p. 9).

#### A. Exhaustion of Administrative Remedies

As explained at length in the Court's prior decision, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. *See Espinal v. Goord*, 558 F.3d 119, 123–24 (2d Cir. 2009). To properly exhaust his administrative remedies, an inmate must complete the administrative review process in accord with the applicable state procedural rules. *Jones v. Bock*, 549 U.S. 199, 218–19 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). All of the Defendants previously moved for summary judgment on the basis that Plaintiff failed

to exhaust his administrative remedies by filing a grievance and following the appeal process. (Dkt. No. 41). However, the Court found that an issue of fact remains as to whether the Inmate Grievance Program ("IGP) was unavailable to Plaintiff so as to excuse his failure to exhaust. (Dkt. No. 61, p. 7). Specifically, the Court noted evidence in the record that: 1) Plaintiff drafted a grievance while in the Special Housing Unit at Cape Vincent on or about July 14, 2015, alleging retaliation by Defendants; 2) he gave the grievance to the IGP Supervisor for filing; and 3) the grievance was never filed or answered. (*Id.*, p. 9) (citing Dkt. Nos. 1, 52-2). Under these circumstances, the Court found that "the process to appeal an unfiled and unanswered grievance is prohibitively opaque, such that no inmate could actually make use of it." (*Id.*) (citing *Williams v. Correction Officer Priatno*, 829 F.3d 118, 126 (2d Cir. 2016)).

### B. Defendants' New Argument

The moving Defendants now argue that Plaintiff cannot bring a federal claim against them because his attempted grievance did not specifically mention them by name, and therefore, he failed to exhaust his administrative remedies. (Dkt. No. 63). As an initial matter, this argument appears nowhere in the original motion for summary judgment. (Dkt. No. 41). Moreover, the moving Defendants do not point to any cases whatsoever, much less controlling decisions or data that the Court overlooked. Their argument simply points out that Plaintiff's attempted grievance, which was rehashed in a letter dated July 27, 2015, (*see* Dkt. No. 52-2), alleges conduct by Defendants Gaffney, Dawley, and Jones, and does not allege any conduct by Defendants Lytle, Anderson, Kenyon, or Docteur. (Dkt. No. 63-1, p. 7).

However, the Second Circuit has found that "the New York IGP regulations do not state that a prisoner's grievance must name the responsible party." *Espinal*, 558 F.3d at 126

4

(discussing the various regulations). Rather, the prisoner must provide, *inter alia*, "a specific description of the problem." *Id.* at 127; *see also* 7 N.Y.C.R.R. §§ 701.5(a)(2), 701.1(8). Thus, "[t]he pro se prisoner cannot be expected to infer the existence of an identification requirement in the absence of a procedural rule stating that the grievance must include the names of the responsible parties." *Espinal* at 127. "Where New York's grievance procedures do not require prisoners to identify the individuals responsible for alleged misconduct, neither does the PLRA for exhaustion purposes." *Id.* Ultimately, in order to exhaust, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004).

In this case, there is no record of the grievance Plaintiff allegedly attempted to file on or around July 14, 2015, which obviously frustrates any exhaustion analysis. Plaintiff insists that the grievance "provided names and detailed descriptions of what the problem was." (Dkt. No. 65, p. 2). In opposition to Defendants' motion for summary judgment, he stated that he "attempted to file a grievance against Defendants Docteur, Lytle, Gaffney, Dawley, Anderson, Jones, and Kenyon, but was denied the right to file his grievance by [Cape Vincent's] Grievance Program's Supervisor which Plaintiff pointed out in his July-September 2015 letter to DOCCS Central Office." (Dkt. No. 51-1, ¶ 27). Plaintiff's July 27, 2015 letter rehashed a version of the alleged grievance, but it did not specify any conduct by Defendants Gaffney, Dawley, and Jones. (Dkt. No. 52-2). Thus, the parties raise two issues for the exhaustion analysis: 1) whether Plaintiff's alleged unfiled grievance mentioned the moving Defendants; and 2) whether the subsequent letter alleges enough information about conduct by other corrections "staff" to give

5

prison officials notice of his claims. Both issues must await an exhaustion hearing. Therefore, the Court declines to reconsider its previous decision.

### C. Exhaustion Hearing

The Second Circuit has ruled that a plaintiff in a lawsuit governed by PLRA is not entitled to a jury trial relating to his exhaustion of administrative remedies. *Messa v. Goord*, 652 F.3d 305, 308-10 (2d Cir. 2011). Rather, PLRA exhaustion is a matter of judicial administration, and the court, not a jury, determines factual disputes regarding an inmate's alleged failure to exhaust. *Id.* In general, a defendant "bears the burden of showing that a prisoner has failed to exhaust his available administrative remedies." *Smith v. Kelly*, 985 F. Supp. 2d 275, 284 (N.D.N.Y. 2013). "However, once a defendant has adduced reliable evidence that administrative remedies were available to the plaintiff and that the plaintiff nevertheless failed to exhaust those administrative remedies, the plaintiff must then 'counter' the defendant's assertion by showing exhaustion, unavailability, estoppel, or 'special circumstances.'" *Id.* (citation omitted). In this case, an exhaustion hearing is necessary to resolve the issue of whether the grievance process was unavailable to Plaintiff. At the hearing, the Court will also consider evidence as to the other exhaustion issues discussed above.

## IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall schedule an exhaustion hearing in consultation with the parties and the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: November 27, 2018
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge