**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────────

**SHAWN WOODWARD,**

                    **Plaintiff,**

           v.                                      9:16-CV-1174 (NAM/DEP)

**LYTLE, Correctional Officer, Cape
Vincent Correctional Facility,** *et al.***,**

                    **Defendants.**
───────────────────────────────────────────────

**Appearances:**

SHAWN WOODWARD, Plaintiff *Pro Se*
00-A-6563
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

*Attorneys for Defendants*:
Hon. Barbara D. Underwood,
Attorney General of the State of New York
Helena Lynch, Esq.,
Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Norman A. Mordue, Senior U. S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

Plaintiff *pro se* Shawn Woodward, a New York State prison inmate, brings this 42 U.S.C. § 1983 action against seven individual Defendants employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), alleging civil rights claims

1

related to his confinement at Cape Vincent Correctional Facility ("Cape Vincent"). (Dkt. No. 1). Plaintiff's remaining claims are for First Amendment retaliation against all Defendants and Eighth Amendment excessive force against Defendant Dawley. (Dkt. Nos. 30, 36). On February 9, 2018, Defendants filed for summary judgment, on the basis that Plaintiff's claims were barred based on his failure to exhaust the available administrative remedies prior to filing this action. (Dkt. No. 41). The matter was referred for a Report and Recommendation, which the Court declined to adopt. (Dkt. Nos. 57, 61). The Court found that "Plaintiff failed to exhaust his administrative remedies, since Plaintiff never actually filed a grievance related to the claims in this action, nor did he appeal any such grievance to the CORC," but an issue of fact remains as to whether the grievance process was available to Plaintiff. (Dkt. No. 61, p. 7). Thus, the Court denied Defendants' motion for summary judgment without prejudice to renew after an exhaustion hearing. (*Id.*). Several Defendants moved for reconsideration, which the Court denied on November 27, 2018. (Dkt. Nos. 63, 66). In that decision, the Court found that "an exhaustion hearing is necessary to resolve the issue of whether the grievance process was unavailable to Plaintiff." (Dkt. No. 66, p. 6).

An exhaustion hearing was scheduled for February 27, 2019 before Magistrate Judge David E. Peebles, and Plaintiff was appointed pro bono counsel for purposes of the hearing. (Dkt. No. 71). On January 16, 2019, Plaintiff filed a motion to compel discovery, which Judge Peebles held in abeyance pending the evidentiary hearing and a written decision concerning the exhaustion issue. (Dkt. Nos. 72, 73). On February 5, 2019, Judge Peebles held a telephone conference with the parties, and Plaintiff stated that he wished to proceed *pro se* at the hearing. Judge Peebles allowed Plaintiff to proceed *pro se* and discharged his pro bono counsel. (Dkt.

2

Nos. 80, 81). Plaintiff then filed a motion to amend the Complaint, (Dkt. No. 82), which Judge Peebles denied by order dated February 7, 2019, finding that Plaintiff's motion was untimely, and further, that he failed to show good cause for why such an amendment should be permitted. (Dkt. No. 83). The exhaustion hearing was re-scheduled for April 12, 2019. (Dkt. No. 85). A Writ of *Habeas Corpus Ad Testificandum* has been issued for the purpose of securing Plaintiff's presence at the hearing. (Dkt. No. 95). Judge Peebles also ordered that the State of New York will advance the costs of Plaintiff's transportation, but "these costs shall be repaid to the state from the monetary award, if any, recovered by Woodward at trial." (Dkt. No. 94, p. 1).

Now before the Court is a *pro se* motion from Plaintiff regarding: "(a) Reconsideration of the November 27, 2018 Order, (b) Objections to Magistrate Judge Peebles' February 5, 2019 Order." (Dkt. No. 86). Plaintiff has also filed another *pro se* appeal regarding: "(i) Objections to Denial (Dkt. #83) of Motion to Amend/Correct Complaint (Dkt. #82), (ii) Objections to Hold Plaintiff's Motion to Compel In Abeyance, (iii) Objections to Pretrial Discovery/Scheduling Order In Abeyance (Dkt. #73) and Reconsideration of District Court's (Dkt. #66) Decision to Schedule Evidentiary Hearing." (Dkt. No. 88). Defendants oppose these Plaintiff's requests. (Dkt. No. 103). Plaintiff has also filed another *pro se* appeal, which repeats many of these same arguments, and adds an objection to Judge Peebles's order regarding transportation costs to the exhaustion hearing. (Dkt. No. 100).

## II. STANDARD OF REVIEW

### a. Motion for Reconsideration

In general, a motion for reconsideration may only be granted upon one of three grounds: "(1) an intervening change in law, (2) the availability of evidence not previously available, and

3

(3) the need to correct a clear error of law or prevent manifest injustice." *Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (same) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

### b. Appeal of Magistrate Decision

A magistrate judge may issue orders regarding non-dispositive pretrial matters; such matters are committed to the discretion of the magistrate judge, and the district court reviews such orders under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993) (citation omitted). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (citation omitted).

"Because the nondispositive review standard is highly deferential, magistrate judges have broad discretion to regulate nondispositive matters, and reversal is warranted only if that

4

discretion is abused." *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006). Deference on a discovery decision is particularly appropriate in a protracted case such as this one, requiring frequent involvement by the magistrate judge. *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992) (noting that a magistrate judge is clearly the best qualified to "judge the entire atmosphere of the discovery process").

### III. DISCUSSION

#### a. Objections to November 27, 2018 Order

First, Plaintiff appears to object to the November 27, 2018 order because Defendants did not properly request an evidentiary hearing. (Dkt. No. 86, p. 2). Relatedly, Plaintiff seeks reconsideration of the Court's decision to schedule an evidentiary hearing. (Dkt. No. 88, p. 3). However, exhaustion is a threshold issue which should be resolved in this case before further proceedings. Although Defendants did not request an exhaustion hearing, the Court concluded that "an exhaustion hearing is necessary to resolve the issue of whether the grievance process was unavailable to Plaintiff." (Dkt. No. 66, p. 6). The Court noted that, under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), exhaustion "is a matter of judicial administration, and the court, not a jury, determines factual disputes regarding an inmate's alleged failure to exhaust." (*Id.*). Consequently, the Court referred the action to Judge Peebles to conduct an exhaustion hearing. (Dkt. No. 67). Although Plaintiff disagrees with the Court's decision, he has not demonstrated any error or other basis for reconsideration.

#### b. Objections to February 5, 2019 Order

Second, Plaintiff appears to object to the February 5, 2019 Order for not giving Plaintiff the opportunity to obtain discovery before the exhaustion hearing. (Dkt. No. 86, p. 2). Plaintiff

5

asks for the November 27, 2018 Order to be rescinded, or alternatively, for the February 27, 2019 exhaustion hearing to "be suspended until the end of discovery." (*Id.*). Relatedly, Plaintiff argues that Defendants have not responded to his motion to compel, and the Court erred in holding that motion in abeyance. (Dkt. Nos. 72, 75, 88, p. 2). However, all discovery in this action has been stayed pending further order of the Court. (*See* Dkt. No. 102). And crucially, the exhaustion hearing is narrowly focused on whether Plaintiff attempted to exhaust his administrative remedies, *which turns on his own testimony* versus that of the Defendants—not any additional discovery. Plaintiff alleges that, on July 14, 2015, while in the SHU, he submitted a grievance complaining of retaliatory conduct by various Defendants, but that "[l]ater that week when the Inmate Grievance Program Supervisor made her rounds[,] she told me that she was not filing my grievance because she knew some of the officers and did not believe what I was saying." (Dkt. No. 52-2, pp. 1–2). That narrow factual issue shall be the subject of the exhaustion hearing. Therefore, the Court finds no error or other basis for reconsideration.

### c. Objections to Denial of Motion to Amend/Correct Complaint

On February 6, 2019, Plaintiff submitted a proposed Amended Complaint, noting that he has not added any new defendants or alleged any new constitutional claims. (Dkt. No. 82). Judge Peebles denied Plaintiff's motion to amend as untimely, further finding that Plaintiff failed to show good cause as to why such an amendment should be permitted. (Dkt. No. 83). According to the Mandatory Pretrial Discovery and Scheduling Order, amended pleadings were due by February 14, 2018. (Dkt. No. 39). Thus, while leave to amend be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff's proposed amended pleading came more than one year late, and he did not offer any excuse for the delay, much less show good cause.

6

*See LaFlamme v. Carpenters Loc. No. 370 Pension Plan*, 220 F.R.D. 181, 186 (N.D.N.Y. 2003) (citing Local Rule 16.1(f)). Moreover, Plaintiff's appeal of that decision does not point to any good cause or reason why justice requires the untimely amendment. (Dkt. No. 88). Accordingly, the Court finds no error in the decision of Judge Peebles.

### d. Objection to Order Regarding Transportation Costs

Plaintiff also objects that "if the April 12, 2019 exhaustion hearing is held then because Defendants raised the affirmative defense of a failure to exhaust claim . . . [i]t should be Defendants' responsibility to cover all transportation fees." (Dkt. No. 100, pp. 2–3). Judge Peebles ordered that the State of New York will advance the costs of Plaintiff's transportation, but "these costs shall be repaid to the state from the monetary award, if any, recovered by Woodward at trial." (Dkt. No. 94, p. 1). Plaintiff's objection to costs is premature at this point, since the issue will only become ripe if, after the exhaustion hearing, Plaintiff prevails at trial.

### e. Request for Interlocutory Appeal

Lastly, Plaintiff requests that, if the Court fails to reconsider its order to schedule an exhaustion hearing, the Court should certify the issue for appeal to the Second Circuit. (Dkt. No. 88, p. 5). A party seeking leave to appeal a district court's interlocutory order must first obtain certification from that court pursuant to 28 U.S.C. § 1292(b). In order to certify, the district court must find that: (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and that (3) "appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Cooper Industries, Inc. v. Agway, Inc.*, 987 F. Supp. 92, 98–99 (N.D.N.Y. 1997). In this case, the Court finds that Plaintiff cannot make this showing, for substantially the same reasons

7

articulated by the Defendants. (*See* Dkt. No. 103, pp. 14–17). The Court emphasizes again that exhaustion is a threshold issue under the Prison Litigation Reform Act, and a hearing is necessary in this case to make that determination, which will also advance the litigation. Accordingly, Plaintiff's request for certification is denied.

IV. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 86) is **DENIED;** and it is further

**ORDERED** that Plaintiff's appeal (Dkt. No. 88) is **DENIED**; and it is further

**ORDERED** that the exhaustion hearing shall proceed as scheduled on April 12, 2019; and it is further

**ORDERED** that Plaintiff's appeal as to costs (Dkt. No. 100) is **DENIED as premature**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Dated: March 29, 2019
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge