**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**SHAWN WOODWARD,**

                **Plaintiff,**

        v.                              **9:16-CV-1174 (NAM/DEP)**

**SCOTT LYTLE, Correctional Officer, Cape Vincent Correctional Facility,** *et al.***,**

                **Defendants.**

_____

**Appearances:**

SHAWN WOODWARD, Plaintiff *Pro Se*
00-A-6563
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

*Attorneys for Defendants*:
Hon. Barbara D. Underwood,
Attorney General of the State of New York
Helena Lynch, Esq.,
Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Norman A. Mordue, Senior U. S. District Judge**

### MEMORANDUM-DECISION AND ORDER

    Plaintiff *pro se* Shawn Woodward, a New York State prison inmate, brings this 42 U.S.C. § 1983 action against several individual Defendants employed by the New York State Department of Corrections and Community Supervision, alleging civil rights claims related to his confinement at Cape Vincent Correctional Facility. (Dkt. No. 1). On February 9, 2018,

1

Defendants moved for summary judgment, on the basis that Plaintiff's claims were barred since he failed to exhaust the available administrative remedies prior to filing this action. (Dkt. No. 41). On September 27, 2018, the Court denied the motion, finding that an issue of fact existed as to the availability of the inmate grievance process—which precluded dismissal on the basis of failure to exhaust administrative remedies. (Dkt. No. 61). The Court further found that an exhaustion hearing was necessary to resolve the issue of whether the grievance process was unavailable to Plaintiff. (Dkt. No. 66). The Court referred the matter to United States Magistrate Judge David E. Peebles to conduct an exhaustion hearing pursuant to *Messa v. Goord*, 652 F.3d 305 (2d Cir. 2011) and for the issuance of a Report-Recommendation. (Dkt. No. 67).

The hearing was held on April 12, 2019, at which Plaintiff chose not to testify. (Dkt. No. 113). Thereafter, on May 23, 2019, Plaintiff filed a letter motion asking the Court to remove Judge Peebles and to hold all filings in abeyance. (Dkt. No. 121). However, Plaintiff has not shown any rational basis for disqualification. *See* 28 U.S.C. § 455. Therefore, Plaintiff's request is denied.

On May 24, 2019, Judge Peebles issued a Report-Recommendation, recommending that Plaintiff's Complaint be dismissed based upon his failure to exhaust available administrative remedies before filing suit. (Dkt. No. 123). Judge Peebles advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.*, p. 23). That period has now expired, and no objections to the Report-Recommendation

have been filed.[1]

As no timely objections to the Report-Recommendation have been filed, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts it in its entirety.

For these reasons, it is

**ORDERED** that Plaintiff's letter motion asking the Court to remove Judge Peebles and to hold all filings in abeyance (Dkt. No. 121) is **DENIED**; and it is further

**ORDERED** that the Report-Recommendation (Dkt. No. 123) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision & Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 19, 2019
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[1] Plaintiff's request for removal of Judge Peebles from the case did not excuse him from responding to the Report-Recommendation. Indeed, in that request, Plaintiff recognized that he had the opportunity to file objections with the Court, (Dkt. No. 121, p. 2), but he failed to do so.

3